**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 22 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOHN V. McALISTER, an individual,

    Plaintiff - Appellant,

    v.

GEORGE MILLER, individually and in his
capacity as Director Oklahoma Department
of Human Services; SANDRA CAMPBELL,
individually and in her official capacity as
Department of Human Services supervisor;
PAM CADAMY, individually and in her
official capacity as Department of Human
Services case worker; JAMES PERCIVAL,
individually and in his official capacity as
court appointed counsel; JIM LOWERY,
M.D., sued as Psychiatric Associates Inc. ex
rel defendant Lowery; ROGER STUART;
STATE OF OKLAHOMA, ex rel Campbell,
Cadamy and Percival,

    Defendants - Appellees.

No. 98-6338
(D. Ct. No. 97-CV-345-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is from several orders of the district court dismissing appellant McAlister's complaint for failure to state a claim upon which relief could be granted. Petitioner appeals alleging that the district court erred in dismissing his complaint, in denying his motion to alter or amend the judgments, and in denying plaintiff access to various documents relating to this matter. We affirm.

Plaintiff McAlister is representing himself in this action, brought pursuant to 42 U.S.C. § 1983, alleging that his civil rights have been violated by state court proceedings which resulted in the termination of his parental rights. We construe the pleadings, and all of the filings in this case and on appeal, liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). We agree with the district court that plaintiff in this matter represents only himself and not his minor children because any right that he had to sue on behalf of the children was terminated when plaintiff's parental rights were terminated under Oklahoma law. Okla. Stat. Tit. 10, § 7006-1.3. A federal court action on behalf of minors may only be prosecuted by a legally appointed guardian or guardian ad litem. Fed. R. Civ. P. 17(c). The district court therefore correctly determined that plaintiff in this

action may sue only on his own behalf.

The claims against all of the defendants in this matter relate to the defendants' roles and responsibilities in the events and proceedings surrounding the termination of plaintiff's parental rights to two minor children. The district court found that some of the defendants were entitled to absolute immunity under the Eleventh Amendment to the Constitution. Thus, the cases against DHS and George Miller, Pam Cadamy, and Sandra Campbell in their official capacities were dismissed on the grounds of absolute immunity. Construing the complaint liberally, the district court further found that George Miller, Pam Cadamy, and Sandra Campbell were entitled to absolute immunity in the claims against them related to their testimony given at plaintiff's parental rights termination hearing. See Briscoe v. LaHue, 460 U.S. 325, 335-36 (1983). To the extent that these officials were sued in their individual capacities for actions other than their testimony, the district court found that plaintiff had failed to plead sufficient facts to establish any violation of a constitutional right.

With respect to defendants Kim Lowery, M.D., and Psychiatric Associates, Inc., the district court found that plaintiff had failed to state a claim against Dr. Lowery because the factual allegations failed to establish that he acted under color of state law in the matters related to plaintiff's allegations. Because state action is a necessary element of a § 1983 action, the complaint was dismissed for

failure to state a claim against both Dr. Lowery and Psychiatric Associates, Inc.

The Honorable Roger H. Stuart, Special Judge of Oklahoma County, Oklahoma, presided over the plaintiff's parental rights termination hearing. The district court correctly determined that Judge Stuart is entitled to absolute immunity from § 1983 liability under these circumstances. See, e.g., Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994). The district court further found that plaintiff was not entitled to injunctive relief under the circumstances of this case where there is no legitimate claim that a constitutional violation was committed.

Finally, defendant James L. Percival was an attorney appointed to represent McAlister's two minor children, John Eric McAlister and Jeffrey Scott McAlister, in the court action in the juvenile division of the Oklahoma County district court that resulted in plaintiff's parental rights being terminated in March of 1995. At all relevant times, Percival was acting as a private attorney in his representation of the minors. The district court found that the claims against defendant Percival were not cognizable because he was not acting under color of state law at the time that he represented the minor children. Further, the district court found that there was no contention that defendant Percival acted in concert with the state to deprive plaintiff of a particular constitutional right. The district court therefore dismissed the action against Percival sua sponte for failure to state a claim.

A review of the pleadings and record in this case makes clear that the plaintiff has failed to state a claim against any of the defendants. No constitutional violation has been asserted against a person who acted under color of state law or acted in concert with the state. We affirm all of the orders of the district court against all of the defendants in this matter for substantially the reasons given by the district court. AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge